AO 440 (Rev. 12/09) Summons in a Civil Action

JUDGE KOELTL

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

10 CIV 0758

| | |
|---|---|
| Carlos Mero, Individually and on Behalf of All Other Persons Similarly Situated | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Ultimate Creations, Inc., Vikea Ezgili, Jilber Ezgili and John Does #1-10, Jointly and Severally | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Ultimate Creations, Inc., Vikea Ezgill, Jilber Ezgili and John Does # 1-10, Jointly and Severally, 31 West 47th Street, New York, NY, 10036

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jeffrey M. Gottlieb, Esq., Gottlieb & Associates, 150 East 18th Street, Suite PHR, New York, New York, 10003, (212)228-9795

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON
CLERK OF COURT

Date: FEB 02 2010

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

JUDGE KOELTL

10 CIV 0758

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

CARLOS MERO, Individually and on
Behalf of All Other Persons Similarly Situated

                Plaintiff,

-against-

ULTIMATE CREATIONS, INC.,
VIKEA EZGILI, JILBER EZGILI and
JOHN DOES #1-10, Jointly and Severally
                Defendants.
----------------------------------------X

ECF 2010 Civ: _____

**Class and Collective
Action Complaint and
Demand for Jury Trial**

RECEIVED
FEB -2 2010
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as factory workers and comparable positions with different titles, that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of himself and other similarly situated current and former employees, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§650 et seq., including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

6. Plaintiff resides in New York County, New York.

7. Upon information and belief, Defendant, Ultimate Creations, Inc. ("Ultimate"), is a New York Corporation.

8. Upon information and belief, Defendant, Ultimate, maintains its principal place of business at 31 West 47th Street, New York, New York, 10036.

9. Upon information and belief, Defendant, Vikea Ezgili ("V. Ezgili"), owns, operates and controls the day to day operations and management of Ultimate.

10. Upon information and belief, Defendant, Jilber Ezgili ("J. Ezgili"), owns, operates and controls the day to day operations and management of Ultimate.

11. Defendants, V. Ezgili's and J. Ezgili's, home addresses are presently unknown to Plaintiff but their business address is the same as the corporate Defendant.

12. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Defendants, whose idetitities are unknown at this time and who participated in the day-to-day operations of the Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Defendants.

13. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

14. Each Defendant, either directly or indirectly, has hired and fired Plaintiff; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since January 26, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were factory workers and comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who

did not receive compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

15. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

16. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

17. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

18. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

- 4 -

have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

   b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   c. whether Defendants failed to post or keep posted a notice explaining overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

   d. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated there under;

   e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

   f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

   g. whether Defendants should be enjoined from such violations of the FLSA in the future; and

   h. whether the statute of limitations should be tolled.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

20. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

21. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since January 26, 2004, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were factory workers and comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid for overtime wages in violation of the New York Labor Law (the "Class").

22. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of Class during the Class Period.

23. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

24. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

25. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

26. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

27. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

>   a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;
>
>   b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;
>
>   c. whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;
>
>   d. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and
>
>   e. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

28. Plaintiff was a factory worker employed by Defendants in their jewelry factory from on or about 1994 until on or about December, 2008 (the "time period").

29. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

30. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

31. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

32. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

33. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

34. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).

35. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

36. At all relevant times, Defendants employed and/or continued to employ, Plaintiff within the meaning of the FLSA.

37. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

38. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and members of the Class for their hours worked in excess of forty hours per workweek.

39. As a result of the Defendants' willful failure to compensate Plaintiff and the members of the Class, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

40. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4.

41. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff, Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

43. Due to Defendants' FLSA violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, an

additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

44. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

45. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

46. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

47. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

48. Defendants' New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

49. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

50. Plaintiffs waive their rights to statutory liquidated damages pursuant to the New York Labor Law to the extent that they allege a class action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorney's and expert fees;

h. A tolling of the statute of limitations; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
      January 26, 2010

 

_____
Jeffrey M. Gottlieb, Esq.

Gottlieb & Associates
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
Attorneys for Plaintiff, Individually and on Behalf
of All Other Persons Similarly Situated
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Ultimate Creations, Inc., Uken Engili, Tilber Engili_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  1-18-10    Carlos Mero
Signature                   Date       Print Name